Christian, J.,
delivered the opinion of the court.
This cause is before us upon a motion to dismiss the writ of error, upon the ground that it was improvidently *546 awarded. The judgment of the Circuit court of Roanoke county which is complained of, was rendered on the 3d day of September 1866. The petition for a writ „ . ol error was presented to one ot the judges or this court on £he 18th November 1872, and a writ of error awarded on the 27th of November 1872. Thus the period between the rendition of the judgment and the presentation of the petition for a writ of error was more than six years.
The third section of the act amending chap. 182, of the Code 1860, in relation to appeals, writs of error and supersedeas, approved June 23d, 1870, is in these words: § 3. “ No petition shall be presented for an appeal from or writ of error or supersedeas to any final judgment, decree or order, whether the commonwealth be a party or not, which shall have been rendered more than two years before the petition is presented; nor to any judgment of a county or corporation court which is rendered on an appeal from a justice; nor to a judgment, decree or order of any other court where the controversy is for a matter less in value or amount than five hundred dollars exclusive of costs, unless there be drawn in question a freehold or franchise, or the title or bounds of land, or some matter not merely pecuniary.” By the 17th section of the same act it is provided that “ no process shall issue upon any appeal, writ of error or supersedeas allowed to or from a final judgment, decree or order, if when the record is delivered to the clerk of the appellate court there shall have elapsed two years since the date of such final judgment, decree or order; but the appeal, writ of error or supersedeas, shall be dismissed whenever it appears that two years have elapsed since the said date before the record is delivered to said clerk, or before such bond is given as is required to be given before the appeal, writ of error, or supersedeas *547 takes effect: provided, however, that section twenty-six of chapter 182, of the Code of 1860, instead of this section, shall remain in fall force, and apply to cases in which the appeal, writ of error or supersedeas may be to any judgment or decree rendered before the passage of this act.”
Except the proviso contained in the 17th section, the only amendment to the sections in chapter 182 of the Code on the same subject, is to change the period of limitation from five years to two years, and the amount fixing j urisdiction, from one hundred to five hundred dollars, in the third section, and in the seventeenth section changing the period of limitation from five years to ° two years. Under these two sections (leaving out of view for the time the proviso of the 17th section, the effect of which will be considered presently,) it is plain, that' in order to bring a case into this court two things must concur: 1st, a petition for appeal, writ of error or supersedeas must be presented within two years after the rendition of the final judgment, decree or order complained of; and 2d, the record must be delivered to the clerk of the appellate court, and such bond be given as is required before the appeal, writ of error or supersedeas takes effect, within two years from the date of such final judgment, decree or order.
It will be observed that there is no proviso or condition limiting the operation of the third section. That is- explicit and mandatory that “no petition shall be presented ” if more than two years have elapsed since the rendition of the final judgment, decree or order complained of. .
There is no rule of construction by which a proviso to one section of an act can be applied to another section, unless it manifestly appears, by reference to the whole act, that it was the intention of the Legislature *548 that such proviso should limit the operation of other sections, than that to which it is appended. In the case we are considering, the two sections (§§ 8 and 17,) relate to distinct and independent provisions ; the one (sec. 3) fixing the period of limitation within which the petition must be presented, the other (sec. 17) prescribing the period of limitation, within which process must issue.
The proviso declares that section twenty-six of chap. 182, Code 1860, shall remain in full force “instead of this section,” (sec. 17,) and apply to cases in which any «judgment or decree was rendered before the passage of the act. It is therefore limited in terms to the 17th section, and could have referred to no other section in the act, because section twenty-six of the Code of 1860 prescribes the time within which process shall issue, and not the time within which & petition shall be presented.
But the intention of the Legislature in limiting the operation of the proviso to the seventeenth section, to which it is appended, is further shown by the various amendments which have been made to the 3d section of chap. 182, of Code of 1860, which corresponds with the 3d section of the act we are now considering. That section was first amended and re-enacted by an act passed March 15th, 1867. The only amendment by that act, was to change the period of limitation from five years to two years. This section was again amended and re-enacted by the act approved, June 30th 1870; and the only additional amendment was to change the amount, fixing the jurisdiction of the appellate court from one hundred to five hundred dollars. This 3d section was again amended and re-enacted by an act approved November 5th, 1870. The amendments to that act were contained in two provisos appended thereto, in *549 the following words: “Provided, however, that the time from the 26th day of January 1870 to the passage of this act, shall be excluded from the computation of said period of two years: and provided further, that this act so far as appeals, writs of error and supersedeas heretofore allowed, shall be deemed and taken to have been passed and been in force since the passage of the act to which it is amendatory.”
Thus it will appear that although the 3d section of chapter 182, (Code I860,) was three times amended and re-enacted, no similar proviso to that appended to the seventeenth section of the act under consideration, the effect of which was to extend the period of limitation from two to five years as to judgments and decrees rendered before the passage of this act, was ever incorporated in .the 3d section. But on the contrary the only extension of the period of limitation' as to the time within which a petition may be presented, is the time between the 26th January 1870 and the 5th of November 1870 ; to wit, nine months and ten days.
Upon the plain and obvious construction of the acts above referred to, we think it is clear that the longest period of limitation within which a petition for an appeal, writ of error and supersedeas can be presented, is two years, nine months and ten days as to final judgments, decrees or orders rendered before the passage of the act approved November 5th, 1870 ; and as to those rendered after tf e passage of that act, such period of limitation is two years.
As to what may b.e the effect of the 7th section of the act passed March 2d, 1866, known as the stay law, it is not necessary to refer to in this case; for conceding that the 7th section applies to appeals, writs of error, &c., in the ease before us more than three years after the expi *550 ration of the stay law had elapsed, before the petition for a writ of error was presented.
We are, therefore, of opinion, that the writ of error to the judgment of the Circuit court of Roanoke was improvidently awarded, and that the same be dismissed.
The judgment was as follows:
On the motion of John B. Harding, by his counsel, to dismiss the said writ of supersedeas, as having been improvidently awarded, and for error of fact in awarding the same, the court is of opinion, for reasons stated in writing and filed with the record, that the said motion he sustained.
Therefore, it is considered and ordered that the same be sustained accordingly; and that the said writ of error and supersedeas be dismissed as having been improvidently awarded; and that the plaintiff in error do pay to the defendant in error, John B. Harding, his costs by him about his said motion expended. Which is ordered to be certified to the said. Circuit court for Roanoke county.
Appeal dismissed.